UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MICHAEL L. LLOYD,

    Defendant.
_____/

Civil Action No.
14-CV-12916

Honorable Patrick J. Duggan

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This action was brought by Plaintiff the United States of America to recover unpaid student loan proceeds from Defendant Michael L. Lloyd. Presently before the Court is Plaintiff's motion for summary judgment, filed on January 16, 2015. Defendant has not filed a response to the motion, and the time to do so has expired. For the reasons that follow, the Court will grant the motion.

On June 4, 1979, January 7, 1981, and April 14, 1981, Defendant signed promissory notes to secure student loans from the First Federal Savings & Loan Association of Detroit in the amounts of $2,000, $500, and $2,500, respectively. Def. Ex. 1. Each loan was distributed on the date on which Defendant signed the promissory notes, at 7.00% interest per annum. Def. Ex. 2. The loans were guaranteed by the Michigan Higher Education Assistance Authority and reinsured

by the U.S. Department of Education. *Id.* Defendant defaulted on his loan obligations on September 1, 1988 and, after the guarantor was unable to collect the amounts due from Defendant, it assigned the loan to the U.S. Department of Education on July 26, 1994. *Id.* Since assignment of the loan, the U.S. Department of Education has credited a total of $3,505.82 in payments from all sources. *Id.* After application of these credits, Defendant owes $5,180.11 in principal, together with interest in the amount of $5,188.56 as of August 2, 2013, for a total of $10,368.67. *Id.*

The pertinent legal framework for adjudicating Plaintiff's claim in this case has been set forth by the Sixth Circuit as follows:

> To recover on a promissory note the government must first make a prima facie showing that (1) the defendant signed it, (2) the government is the present owner or holder and (3) the note is in default. For that purpose the government may introduce evidence of the note and a sworn transcript of the account or certificate of indebtedness. Once such a prima facie case is established, defendant has the burden of proving the nonexistence, extinguishment or variance in payment of the obligation.

*United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009) (citations omitted). Here, Plaintiff has satisfied its prima facie burden through the submission of the promissory notes and a certificate of indebtedness. Although Defendant has appeared in this case and filed an answer to the complaint, he has failed to respond to Plaintiff's summary judgment motion and has therefore failed

to meet his "burden of proving the nonexistence, extinguishment or variance in payment of the obligation." *Id.*

Accordingly, Plaintiff's motion for summary judgment is **GRANTED**.


Date: February 20, 2015

                                            s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Andrea A. Enright, Esq.
Harold R. Smith, Esq.